In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-074 CV


____________________



BERNICE DAVIS LEAVITT, INDEPENDENT EXECUTRIX OF THE 


ESTATE OF MARIE ANDERSON GASSAWAY, DECEASED, AND 


TESTAMENTARY TRUSTEE OF THE BERT EARL GASSAWAY


TESTAMENTARY TRUST, Appellant



V.



BRUCE HOLBROOK, ET AL., Appellees






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV 67744






 MEMORANDUM OPINION 


 On April 6, 2006, we notified the parties that the notice of appeal did not identify
a final judgment or other appealable order. Appellees, Bruce Holbrook, Virgil Holbrook,
Juanita Holbrook Rizzo, Individually and as Trustee of the 1992 Rizzo Family Trust,
Evelyn Waldrop, and June Holbrook, filed a motion to dismiss the appeal for lack of
jurisdiction. The appellant, Bernice Davis Leavitt, Independent Executrix of the Estate of
Marie Anderson Gassaway, Deceased, and Trustee of the Bert Earl Gassaway
Testamentary Trust, filed a response, but did not identify any statutory basis for an
interlocutory appeal.

 "A judgment is final for purposes of appeal if it disposes of all pending parties and
claims in the record, except as necessary to carry out the decree." Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). A summary judgment is final "if and only if
either it actually disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final judgment as to all claims
and all parties." Id. at 192-93. In this case, the notice of appeal seeks to appeal the trial
court's order of February 1, 2006, denying Leavitt's motion for partial summary
judgment. Another order signed the same day grants the appellees' motion for partial
summary judgment but expressly reserves the issue of attorney's fees for future
consideration. Neither order contains language indicating the trial court's intention to
enter a final judgment. The trial court did not sign an order of severance so as to make
the otherwise interlocutory order final for purposes of appeal. 

 The appellees' motion to dismiss the appeal for want of jurisdiction is granted. The
appeal is dismissed.

 APPEAL DISMISSED.

 ____________________________

 DAVID GAULTNEY

 Justice


Opinion Delivered May 11, 2006 

Before Gaultney, Kreger and Horton, JJ.